IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALAYA CLARKE, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ORGANON USA INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 13-2290 CW<br><br>ORDER GRANTING MOTION TO STAY; DENYING MOTION TO REMAND WITHOUT PREJUDICE (Docket Nos. 11, 13) |

On May 23, 2013, Defendants Organon USA Inc., Organon Pharmaceuticals USA Inc. LLC, and Merck & Co., Inc. moved to stay this action pending a decision by the Judicial Panel on Multidistrict Litigation (JPML) to transfer this case. Plaintiffs oppose the stay, arguing that the stay would delay the Court's ruling on their motion to remand. Because this case will likely be transferred to the Eastern District of Missouri, where a multidistrict litigation (MDL) involving Defendants is currently pending, the Court grants the motion to stay.

DISCUSSION

"When evaluating a motion to stay proceedings pending a transfer to a MDL court, a primary factor to consider is the preservation of judicial resources. Staying an action pending transfer can help prevent duplicative litigation and inconsistent rulings." Couture v. Hoffman-La Roche, Inc., 2012 WL 3042994, at *2 (N.D. Cal.) (citing Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360-61 (C.D. Cal. 1997)).

Here, judicial economy favors a stay. Several other cases in this district raise the same jurisdictional and factual issues as

the present case and the JPML has already transferred some of these cases to the Eastern District of Missouri.[1]  A stay will therefore avoid duplicative litigation and prevent inconsistent rulings on common questions that the MDL court is likely to address.

...

the present case and the JPML has already transferred some of these cases to the Eastern District of Missouri.[1]  A stay will therefore avoid duplicative litigation and prevent inconsistent rulings on common questions that the MDL court is likely to address.

Plaintiffs argue that the Court must decide their motion to remand before considering Defendants' motion to stay.  However, the "Ninth Circuit has not expressly adopted this approach" and courts in this district have routinely taken a different approach. Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004); see also Freitas v. McKesson Corp., 2012 WL 161211 (N.D. Cal.) ("[O]ther courts in the Northern District, including this one, have made clear that courts are not bound to preliminarily consider the merits of a remand motion before considering a motion to stay.").  Indeed, this Court granted a motion to stay earlier this year in another case involving the same claims and Defendants as the present case despite the fact that the plaintiffs in that case had filed a motion to remand. Wilson, et al. v. Organon USA, Inc., et al., Case No. 13-0705, Docket No. 16 (granting stay without written order).  Other courts

---

[1] The JPML's recent actions indicate that this case is also likely to be transferred to the Eastern District of Missouri.  On June 4, 2013, the JPML issued a conditional transfer order in this case after finding that this action "involve[s] questions of fact that are common to the actions previously transferred to the Eastern District of Missouri." MDL No. 1964, Docket No. 950.  Although Plaintiffs filed a timely notice of opposition to the transfer with the JPML on June 11, 2013, this is not likely to prevent the transfer.  The JPML has recently rejected arguments opposing MDL transfers of other NuvaRing® actions on the grounds that there were pending motions to remand in those cases.  See Transfer Order, MDL No. 1964, Docket No. 961 ("Plaintiffs instead base their arguments against transfer primarily on the pendency of motions to remand their respective actions to state court.  Plaintiffs can present their motions for remand to the transferee judge.").

in this district have reached the same conclusion in recent cases involving these claims and Defendants. See, e.g., Burton v. Organon USA Inc., 2013 WL 1963954 (N.D. Cal.) ("Since the question whether McKesson is a proper defendant in the NuvaRing® cases is now before the MDL, the court finds that judicial economy would be better served by staying this case pending the transfer, rather than by considering the motion to remand."); Tucker v. Organon USA, Inc., 2013 WL 2255884 (N.D. Cal.) ("Permitting [the MDL court] to resolve the issue of fraudulent joinder globally, as opposed to adjudicating the issue prior to transfer, promotes judicial consistency and avoids conflicting judgments."). Accordingly, Plaintiffs' pending motion to remand does not preclude the Court from granting a stay.

## CONCLUSION

For the reasons set forth above, Defendants' motion to stay (Docket No. 11) is GRANTED. Plaintiffs' motion to remand (Docket No. 13) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: July 10, 2013

CLAUDIA WILKEN
United States District Judge